UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00859-CHB-LLK

MEIDINGER BUILDING OWNER, LLC                                        PLAINTIFF

v.

COMPUTERSHARE, INC.                                                  DEFENDANT

---

## OPINION & ORDER

Judge Claria Horn Boom referred this matter to U.S. Magistrate Judge Lanny King for: (1) resolving all non-dispositive pretrial motions; (2) generally managing discovery, including resolving all discovery disputes and conducting any hearings other than the pretrial conference; (3) generally managing all pretrial scheduling issues, including altering any dates and/or deadlines, except deadlines for dispositive/Daubert motions, and the pretrial conference and the trial deadlines; (4) conducting a mid-discovery telephonic conference; and (5) conducting a settlement conference, if requested by the parties. [DN 13].

On April 9, 2020, Plaintiff Meidinger Building Owner, LLC ("Meidinger"), and Defendant Computershare, Inc. ("Computershare") (collectively "the Parties"), filed their Joint Motion for Protective Order, which seeks to protect certain information that has been requested through discovery. [DN 21]. The Motion is now ripe for adjudication.

For the reasons set forth below, the Parties' Joint Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This matter arises from a dispute over a tenant, Computershare's, reimbursement of real estate taxes paid by the property owner, Meidinger. [DN 1]. Meidinger claims that contractual obligations contained within its lease with Computershare require Computershare to reimburse

1

Meidinger for a certain amount of real estate taxes paid. *Id.* Computershare, however, disagrees as to the portion of the real estate taxes to be reimbursed. *Id.*

On April 9, 2020, the Parties filed their Joint Motion for Protective Order. [DN 21]. This Motion seeks a protective order that allows documents to be protected from disclosure with a "Confidential" or an "Attorneys' Eyes Only" designation. [DN 21-1].

Meidinger claims this protective order is necessary because Computershare has requested documents that contain sensitive information related to: negotiations that led to Meidinger's acquisition of the subject property; loans and financing related to the subject property; confidential agreements between Meidinger and its financial institution and tenants; Meidinger's refinancing of the subject property; and amounts invoiced to and paid by other tenants at the subject property. [DN 21 at 511-12]. Meidinger argues that the disclosure of such information would breach the confidence of its tenants and financial institutions and could also seriously impair future negotiations with various parties. *Id.* at 512.

Computershare also claims a protective order is necessary because Meidinger has sought "information regarding Computershare's business strategies, logistical needs, and potential expansion plans." *Id.* at 512.

To protect the information and documents discussed above from disclosure, the Parties request that the Court enter their Stipulated Protective Order. *Id.*

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders. *Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court, however, has increasingly scrutinized motions for protective order that do not make the necessary showing of good cause required by the Rules of Civil Procedure

2

and case authority.  *See Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605-GNS (W.D. Ky. Oct. 23, 2018) (discussing why the Court will enter the second proposed agreed protective order because it develops why a protective order is necessary) (Pacer); *see also Wellmeyer v. Experian Info. Sols.*, 3:18-cv-94-RGJ (W.D. Ky. May 30, 2018) (Pacer); *Middleton v. Selectrucks of America, LLC*, 3:17-cv-602-RGJ (W.D. Ky. Sept. 21, 2018) (Pacer); *Mitcham v. Intrepid U.S.A., Inc.*, 3:17-cv-00703-CHB (W.D. Ky. Oct. 1, 2018) (Pacer); *Roberson v. KentuckyOne Health, Inc.*, 3:18-cv-00183-CRS-RSE (Aug. 29, 2018) (Pacer); *Savidge v. Pharm-Save, Inc.*, 3:17-cv-000186-CHB (W.D. Ky. July 9, 2018) (Pacer); *Effinger v. GLA Collection Co.*, 3:17-cv-000750-DJH (W.D. Ky. March 28, 2018) (Pacer); *Fleming v. Barnes*, 3:16-cv-264-JHM (W.D. Ky. Feb. 27, 2017) (Pacer).

Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…."  Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…."  *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

In the context of trade secrets and confidential information, courts have looked as six different factors to determine whether there is a need to protect that information:

(1) the extent to which the information is known outside of [the] business;

(2) the extent to which it is known by employees and others involved in [the] business;

(3) the extent of measures taken . . . to guard the secrecy of the information;

(4) the value of the information to [the business] to [its] competitors;

3

(5) the amount of effort or money expended . . . in developing the information; and

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016) (citing *Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 535 (S.D. Ohio Jan. 17, 2014))).

"The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. May 24, 2011); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient.").

Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public. *See Williams*, 2018 WL 989546, at *2; *see also*, *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.").

For example, in *Bussell* the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, but failed to explain why the Order was necessary. *Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605, DN 27 (W.D. Ky. Aug. 29,

4

2018).  The Court denied the motion without prejudice and specifically stated that the party seeking a protective order should set out the reasons why a protective order is necessary.  *Id*. at DN 28. The parties then filed a new motion for protective order, which the Court granted, noting that the parties explained that the materials they sought to be protected were nude or seminude photographs and that dissemination of the images was sensitive in nature, may constitute additional crimes, and could potentially adversely impact ongoing criminal proceedings.  *Id*. at DN 33.

## ANALYSIS

The Parties have requested that this Court enter their Stipulated Protective Order.  For the following reasons, the Court grants the Joint Motion for Protective Order in part, agreeing that a protective order is appropriate in this instance, but declines to enter the Parties' Stipulated Protective Order.

For a protective order to be granted, the movants must establish good cause.  As set out above, good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

Here, the Parties discuss specific categories in their Joint Motion for Protective Order that they wish to protect.  Meidinger wants to protect information related to negotiations that led to Meidinger's acquisition of the subject property, loans and financing related to the subject property, confidential agreements between Meidinger and its financial institution and tenants, Meidinger's refinancing of the subject property, and amounts invoiced to and paid by other tenants at the subject property.  [DN 21 at 511-12].  Computershare wants to protect information regarding its business strategies, logistical needs, and potential expansion plans.  *Id.* at 512.

5

Meidinger claims that the disclosure of its information described above would breach confidences and harm future negotiations. *Id.*  While not explicitly stated, Computershare could also arguably be injured in such a way should its information described above be disclosed.

The Court agrees that the Parties would suffer injury if the specific categories of information the Parties described in their Joint Motion for Protective Order were to be disclosed; therefore, the parties should be entitled to a protective order that protects the disclosure of those specific categories of information.

The Court cannot, however, enter the Parties' Stipulated Protective Order.  [DN 21-1]. Unlike the Parties' Joint Motion that addresses specific categories of documents, the Stipulated Protective Order is broad and limitless.  It describes its scope as follows:

> In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party. The parties anticipate production of the following categories of protected information: "Confidential", and "Attorneys' Eyes Only." *Id.* at 515.

This effectively provides no limit on the type of documents that could be designated under a protected classification.

The Court has only been provided information on the specific categories of documents described in the parties' Joint Motion and the parties have only met their burden in demonstrating good cause as to those documents so described.  Accordingly, the Court declines to enter the Stipulated Protective Order, which seeks to protect documents beyond those described in the Joint Motion for Protective Order.

## CONCLUSION

For the foregoing reasons, the Parties' Joint Motion for Protective Order, [DN 21], is **GRANTED IN PART** and **DENIED IN PART**.  The Court grants the Motion to the extent it

seeks to protect the various categories of documents described therein, but denies the Motion to the extent it requests the Court enter the Parties' Stipulated Protective Order.   The Parties are ordered to tender to the Court for consideration a revised Stipulated Protective Order that limits its scope to the specific categories of documents described in the Parties' Joint Motion for Protective Order.   The revised Stipulated Protective Order shall be tendered to the Court by no later than two weeks from the entry of this Order.

   **IT IS SO ORDERED.**
    May 18, 2020

**Lanny King, Magistrate Judge**
**United States District Court**

c:      Counsel of Record.